# Supreme Court of Florida

_____

No. SC15-534
_____

**R. LEE SMITH, et al.,**
Petitioners,

vs.

**CITY OF JACKSONVILLE,**
Respondent.

[May 25, 2017]

QUINCE, J.

This case is before the Court for review of the decision of the First District

Court of Appeal in City of Jacksonville v. Smith, 159 So. 3d 888 (Fla. 1st DCA

2015). In its decision, the district court ruled upon the following question, which

the court certified to be of great public importance:

> MAY A PROPERTY OWNER MAINTAIN AN ACTION
> PURSUANT TO THE HARRIS ACT IF THAT OWNER HAS NOT
> HAD A LAW, REGULATION, OR ORDINANCE DIRECTLY
> APPLIED TO THE OWNER'S PROPERTY WHICH RESTRICTS
> OR LIMITS THE USE OF THE PROPERTY?

Id. at 895. We originally accepted jurisdiction. See art. V, § 3(b)(4), Fla. Const.

The one-year statute of limitations for Bert Harris Act claims has expired for all plaintiffs similarly situated to Petitioners with claims which accrued prior to the October 2015 effective date of the 2015 amendment to the Act. See § 70.001(11), Fla. Stat. (2012); ch. 2015-142, § 1, Laws of Fla. Although we previously denied Respondent's Suggestion of Mootness, we discharge jurisdiction because the certified question is not likely to recur. See Holly v. Auld, 450 So. 2d 217, 218 n.1 (Fla. 1984).

It is so ordered.

LABARGA, C.J., and CANADY, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.
LEWIS, J., dissents.

NO MOTION FOR REHEARING WILL BE ALLOWED.

PARIENTE, J., concurring in result.

I concur with the majority that the First District Court of Appeal's decision below should be left intact, which the majority does by declining to answer the certified question. Majority op. at 2. Our opinion in Hardee County v. FINR II, Inc., No. SC15-1260 (slip op. issued Fla. May 25, 2017), "approve[d] the First District's holding in [City of Jacksonville v. Smith, 159 So. 3d 388 (Fla. 1st DCA 2015),] that the Bert J. Harris, Jr., Private Property Protection Act does not apply to claims arising from government action that regulates property adjacent to the

- 2 -

claimant's property." Slip op. at 1-2.[1] Essentially, that opinion answered the

certified question in this case. See majority op. at 1. Thus, in this case, I would

approve the decision below based on our opinion in FINR II, Inc.

Application for Review of the Decision of the District Court of Appeal – Certified
Great Public Importance

      First District - Case No. 1D14-2191

      (Duval County)

John F. Fannin and Laura Fannin Jacqmein of Fisher, Tousey, Leas & Ball,
Jacksonville, Florida; and Major B. Harding and Anthony L. Bajoczky, Jr., of
Ausley & McMullen, Tallahassee, Florida,

      for Petitioners

Jason R. Teal and Sean B. Granat, Deputy General Counsel, and Craig D. Feiser,
Assistant General Counsel, Jacksonville, Florida; and Robert M. Rhodes,
Jacksonville, Florida,

      for Respondent

Linda Loomis Shelley of Buchanan Ingersoll & Rooney PC, Tallahassee, Florida;
and Harry Morrison, Jr., and David Cruz of Florida League of Cities, Inc.,
Tallahassee, Florida,

      for Amicus Curiae Florida League of Cities

---

1. See § 70.001, Fla. Stat. (2012).